OPINION OF THE COURT
Ira B. Harkavy, J.
The novel issue raised to this court is the previously unanswered question of whether the deposition of a medical doctor may be used at an inquest conducted by the court as the means of proving a prima facie case to the amount due for medical services rendered in a hospital. The deposition is being submitted in lieu of anybody connected with the plaintiff testifying at the inquest. This court believes that the use of the medical doctor’s deposition creates a prima facie case and is sufficient proof at the inquest.
Plaintiff, a professional corporation consisting of physicians who perform anesthesiological services for Long Island College Hospital have commenced suits for such professional services rendered. A general consent was obtained from the patient defendant, but there was no agreed price. It is doubtful that the patient actually spoke to the anesthesiologist prior to the operation, although the defendant patient knew or should have known that there would be at least one anesthesiologist at the operation and there would be a charge for services.
Upon failure of the patient to pay the bill rendered by the plaintiff, action was commenced by the Long Island Anesthesiology Service, P. C., for professional services rendered. The defendant has defaulted and the plaintiff wishes to enter default judgment. In the event that the plaintiff was in the hospital, pursuant to subdivision (c) of section 2900.18 of the Rules of the Civil Court of the City of *562 New York (22 NYCRR 2900.18 [c]) the clerk could enter judgment upon a verified complaint with a schedule of charges attached thereto and an affidavit of a hospital official and physician setting forth that based upon the records of the defendant patient kept in the usual course of business by the hospital and the treatment of the defendant patient, the charges are the fair and reasonable value of the services, drugs and materials as more fully set forth in the affidavit attached to subdivision (c) of section 2900.18.
Although the affidavit of the person authorized to practice medicine is acceptable for the purpose of entering a default judgment in favor of the hospital, it is insufficient for the purposes of entering a default judgment in favor of the plaintiff who as an independent contractor was the anesthesiologist in the hospital during the medical procedures. If the plaintiff were an employee of the hospital, an affidavit of a person authorized to practice medicine connected with the hospital would be sufficient provided that section 2900.18 of the Rules of the Civil Court of the City of New York were followed.
Plaintiff, in lieu of a person authorized to practice medicine testifying at the inquest submitted the deposition of Gloria B. Valdez, M.D., in accordance with CPLR 3107 and 3109 in which the medical doctor testified setting forth a prima facie case in accordance with the rules of evidence and with similar testimony to the items required under subdivision (c) of section 2900.18. The deposition was submitted at the inquest pursuant to CPLR 3117 (subd [a], par 4).* Thus the inquest was conducted based on the transcript of the medical doctor’s deposition being submitted into evidence.
*563 The court believes that the technique described above meets the requirements of the taking of an inquest by the court and at the same time gives the court the opportunity to clear the court’s calendar of a quantity of routine repetitive matters. The theory of the Rules of the Civil Court of the City of New York and the CPLR is to permit testimony by doctors taken in depositions to be used in routine matters rather than force a medical doctor to appear in court to testify on the routine matters. The court believes that the interest of justice is served by the use of depositions by medical doctors at inquest rather than by having them come to testify and as such this court allows the use of depositions taken under oath of a medical doctor for professional services rendered in a hospital provided that all the elements required in subdivision (c) of section 2900.18 are met within the deposition.
After inquest, judgment for plaintiff as stated on the record.

 “Rule 3117. Use of Depositions
“(a) Impeachment of witnesses; parties; unavailable witness. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence, may be used in accordance with any of the following provisions:
“4. the deposition of a person authorized to practice medicine may be used by any party without the necessity of showing unavailability or special circumstances, subject to the right of any party to move pursuant to section 3103 to prevent abuse.”